Rosalinda Feliciana Martínez et al., Plaintiffs and Appellees, *v.* Antonio Vivaldi Pacheco, Defendants and Appellants.

No. 7970. Argued February 21, 1940.—Decided October 29, 1940.

*Enrique Báez García* for appellants.  *José Sabater* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In 1924, Doña Carmen Nadal y Freyre, grandmother of plaintiffs and the owner of a city lot, permitted Rafael Blanch to build thereon a brick house. In 1925, Doña Carmen permitted Blanch, who was also her lessee, to build another house on the lot.

Beatriz Mercedes Martínez and her three sisters later became the co-owners of an undivided interest in the lot. Beatriz sold her interest to Antonio Vivaldi Pacheco. Vivaldi sold this and other undivided interests to Blanch.

The three sisters then brought the present action to redeem the undivided interest sold by Beatriz to Vivaldi and by him to Blanch. The district court rendered judgment for plaintiffs.

Section 1412 of the Civil Code (1930 ed.) provides that:

"A co-owner of a thing held in common may exercise the redemption in case the shares of all the other co-owners, or of any of them, are sold to a third party (*un extraño*).

" *   *   *   *   *   *   *   * "

It may be conceded that Blanch—prior to the date of his purchase from Vivaldi—was not a co-owner of the lot upon which his buildings stood. See, however, Decisions of the Supreme Court of Spain of: July 12, 1881, 47 *Jur. Civil* 122; March 9, 1893, 73 *Jur. Civil* 349; July 9, 1903, 96 *Jur. Civil* 140; and Nov. 27, 1906, 105 *Jur. Civil* 821.

Even though Blanch were not a lessee, he would still have certain substantial possessory rights. See *Rivera* v. *Santiago,* 56 P.R.R. 361, and *González Martínez* v. *Marvel,* 56 P.R.R. 444. As the owner of two houses, both built by

him upon the land of his lessor with her knowledge and express consent, and recorded in his name in the registry of property, he was not "a third party" *(un extraño)* within the meaning of that term as used in section 1412, *supra*. Hence, plaintiffs were not entitled to redeem the undivided interest of Beatriz Martínez, sold by her to Vivaldi and by him to Blanch.

The judgment appealed from must be reversed and the action will be dismissed.